**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

KIRK BENNETT,

          Defendant.

No. CR02-2008-LRR
No. C05-2008-LRR

ORDER

This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 122). The defendant filed his motion pursuant to 28 U.S.C. § 2255.[1] Also before the court is the defendant's application for appointment of counsel (Docket No. 121). For the following reasons, the defendant's 28 U.S.C. § 2255

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

motion and application for appointment of counsel shall be denied.[2]   In addition, a
certificate of appealability shall be denied.

## I. BACKGROUND

On February 22, 2002, the grand jury returned and the government filed a seven-
count indictment which charged the defendant with four violations.  Count one charged that
the defendant did knowingly and unlawfully combine, conspire, confederate, and agree
with other defendants and other persons, known and unknown to the grand jury, to (1)
distribute, possess with intent to distribute, and manufacture 50 grams or more of actual
(pure) methamphetamine, a Schedule II controlled substance, and (2) possess
pseudoephedrine and or ephedrine pills, a List I chemical knowing, intending and having
reasonable cause to believe that it would be used to manufacture methamphetamine.[3]
Count three, count five and count seven charged that the defendant and others did
knowingly and intentionally possess ephedrine pills, a List I chemical, knowing, intending
and having reasonable cause to believe that the ephedrine would be used to manufacture

---

[2] No response from the government is required because the motion and file make
clear that the defendant is not entitled to relief.  *See* 28 U.S.C. § 2255; Rule 4(b), Rules
Governing Section 2255 Proceedings.  Similarly, an evidentiary hearing is not necessary.
*See id.  See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating
district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without
an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the
[movant] to relief, or (2) the allegations cannot be accepted as true because they are
contradicted by the record, inherently incredible, or conclusions rather than statements of
fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court
is given discretion in determining whether to hold an evidentiary hearing on a motion
under 28 U.S.C. § 2255).

[3] The conduct charged in count one of the indictment is in violation of 21 U.S.C.
§ 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 841(c)(2) and 21 U.S.C. § 846.

methamphetamine, a Schedule II controlled substance.[4]  On June 26, 2002, the defendant

appeared before Chief Magistrate Judge John A. Jarvey for his change of plea hearing.

At such hearing, the defendant pleaded guilty to count three, count five and count seven

of the indictment.  After the change of plea hearing, Chief Magistrate Judge John A.

Jarvey entered a report and recommendation that a United States District Court Judge

accept the defendant's plea of guilty.  On July 12, 2002, the court entered an order

adopting the report and recommendation pertaining to the defendant's guilty plea.  On

December 17, 2002, the court sentenced the defendant to 100 months imprisonment (100

months on each count and terms to run concurrently) and 3 years supervised release (3

years on each count and terms to run concurrently).  On the same day, judgment entered

against the defendant.  On December 24, 2002, the defendant filed a notice of appeal.  On

January 31, 2003, the Eighth Circuit Court of Appeals dismissed the defendant's appeal.

On October 8, 2004, the defendant filed an application for appointment of counsel.

In such application, the defendant makes clear that he would like counsel to be appointed

because of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.

Ct. 2531, 159 L. Ed. 2d 403 (2004).  On January 14, 2005, the defendant submitted a

"petition to be resentenced in light of *Blakely v. Washington*."  When it filed such petition,

the Clerk of Court designated the defendant's petition as a motion pursuant to 28 U.S.C.

§ 2255.  On February 2, 2005, the defendant filed a supplement to his January 14, 2005

petition.  In such supplement, the defendant stated:

> I recently filed a motion to vacate under 28 U.S.C. § 2255.  I
> realize I made a mistake by referring to the Blakely case when
> in fact what I am referring to is I was unjustly sentenced under

---

[4] The conduct charged in count three, count five and count seven of the indictment
is in violation of 21 U.S.C. § 841(c)(2).

Booker v. U.S. I was enhanced for relevant conduct and overstated criminal history.

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255 and application for appointment of counsel.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct

appeal.  *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal).  Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."  *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal.  *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).  "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence."  *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice.").  "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him."  *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original).  If a defendant fails to show cause, a court need not consider whether actual prejudice exists.  *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).  Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623-24.  *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[5]

_____

[5] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea.  *See United States v. Cain*, 134 F.3d 1345, 1352 (8th

(continued…)

**B.  Timeliness Under the AEDPA and 28 U.S.C. § 2255.**

The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[6]  The statute of limitations begins to run from the latest of four circumstances.  The first of these circumstances is the date on which the judgment of conviction became final.  Here, the defendant's conviction became "final" on May 1, 2003–the last day he could have timely filed a petition for a writ of certiorari.  *See Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on

---

[5](…continued)
Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

[6] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The defendant did not file his 28 U.S.C. § 2255 motion until January 14, 2005, which is well beyond the last day it properly could have been filed.

Further, the defendant's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255. Given *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the only timeliness provision that might be available to the defendant is the third timeliness provision, that is, the one where a "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Nonetheless, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, ___ (8th Cir. 2005). Consequently, any reliance on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), is unavailing for purposes of filing under the third timeliness provision which is contained in 28 U.S.C. § 2255.

The 1-year period of limitation for filing a 28 U.S.C. § 2255 motion is a statute of limitation, not a jurisdictional bar, and, thus, subject to equitable tolling. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, equitable tolling only applies when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). *See also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (addressing 28 U.S.C. §2254 petition) (stating a defendant's unfamiliarity with federal law is not a ground for equitable tolling). The defendant does not offer any valid excuse for failing to timely file his 28

U.S.C. § 2255 motion. Therefore, the court finds the defendant's situation does not fall within the limitation period allowed by 28 U.S.C. § 2255.

In sum, the claim the defendant asserts could have been asserted before a judgment of conviction was entered, on direct appeal or in a timely 28 U.S.C. § 2255 motion. "'The one year period provided [the defendant] with reasonable opportunity to file for relief; and if that time period has expired, it is the result of [the defendant's] own doing and not due to any inadequacy in the statute.'" *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). Although this is a harsh rule, it is the law. Accordingly, the defendant's 28 U.S.C. § 2255 motion shall be denied.

### C. Application for Appointment of Counsel

Having determined that it is appropriate to deny the defendant's 28 U.S.C. § 2255 motion, the court shall deny as moot the defendant's application for appointment of counsel.

### D. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77

(8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The defendant's 28 U.S.C. § 2255 motion (Docket No. 122) is DENIED.

2) The defendant's application for appointment of counsel (Docket No. 121) is DENIED.

3) A certificate of appealability is denied.

**DATED** this 3rd day of November, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA